**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| NELSON WHITE, JR., et al. : <br> : <br>         Plaintiffs, : <br> : <br>      v. : <br> : <br> THE PNC FINANCIAL SERVICES GROUP, : <br> INC., et al., : <br> : <br>         Defendants. : | Civil Action No. 2:11-cv-07928-LS |

## Proposed Order

AND NOW, this _____ day of _____, 201__, upon consideration of

Defendant Triad Guaranty Insurance Corporation's Motion to Dismiss Plaintiffs' First Amended

Class Action Complaint [Docket No. 93], and any opposition thereto, it is hereby ORDERED

that said Motion is GRANTED and all claims asserted against Triad Guaranty Insurance

Corporation are DISMISSED WITH PREJUDICE.

                                        ENTER:

                                     _____

                                          United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| NELSON WHITE, JR., et al.       : <br>             : <br>       Plaintiffs,       : <br>             : <br>     v.          : <br>             : <br> THE PNC FINANCIAL SERVICES GROUP,   : <br> INC., et al.,          : <br>             : <br>       Defendants.     : | Civil Action No. 2:11-cv-07928-LS |

### Triad Guaranty Insurance Corporation's Motion To Dismiss

Defendant Triad Guaranty Insurance Corporation ("Triad"), by its counsel, moves to dismiss Plaintiffs' First Amended Class Action Complaint [Docket No. 83] under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), and states as follows:

1. The complaint purports to assert a putative nationwide class action based on two claims: Count I for violation of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 et seq. ("RESPA"), and Count II for common law unjust enrichment. Plaintiffs' theory is that Defendants used captive-reinsurance arrangements to pay kickbacks for referrals and split fees related to the purchase of private mortgage insurance policies in connection with the Plaintiffs' mortgage-loan transactions.

2. Defendant United Guaranty Residential Insurance Company ("United Guaranty") has moved to dismiss the complaint, with prejudice [Docket No. 90], based in large part on the fact that it is not alleged to have provided mortgage insurance involving any individual Plaintiff's loan. In other words, there is simply no connection between Plaintiffs and United Guaranty. United Guaranty's motion seeks dismissal for the additional reason that Plaintiffs' claims are time-barred. The remaining Defendants—those that did provide mortgage insurance involving Plaintiffs' mortgage loans (the "Insuring Defendants")—filed a separate motion to

dismiss further asserting that Plaintiffs' claims are untimely and not subject to tolling.  [Docket No. 92.]

3.      Triad is in the same situation as United Guaranty: it is not alleged to have provided insurance involving any Plaintiff's mortgage loan.  As a result, the arguments and authorities asserted in support of United Guaranty's motion to dismiss apply equally to Triad. Specifically,

(A)     Plaintiffs lack Article III standing to sue Triad because there is no alleged causal connection between Triad and any Plaintiff's alleged injury;

(B)     Plaintiffs lack statutory standing to sue Triad under Section 8 of RESPA because Triad is not alleged to have paid or received a kickback for the referral of a settlement service involving any individual Plaintiff's mortgage loan, nor is Triad alleged to have split any fees paid in connection with any individual Plaintiff's mortgage-loan transaction;

(C)     Plaintiffs' claims are barred by the applicable limitation periods, none of which may be tolled under these circumstances; and

(D)     Plaintiffs' unjust enrichment claim fails for the additional reason that it is entirely derivative of Plaintiffs' failed RESPA claim, and further because Plaintiffs allege that their relationships are governed by contracts with other parties.

4.      Triad therefore joins, adopts, supports, and incorporates by reference United Guaranty's motion to dismiss this matter, with prejudice.  Triad further joins the Insuring Defendants' motion to dismiss on the basis that Plaintiffs' claims are untimely and not subject to

tolling.  This joinder is filed for purposes of efficiency and judicial economy, and not for any improper purpose.

WHEREFORE, for the reasons stated above, and in the dispositive motions filed by the other Defendants in this matter, Triad Guaranty Insurance Corporation respectfully requests entry of an Order dismissing Plaintiffs' First Amended Class Action Complaint, with prejudice, and granting such further relief as the Court finds just and appropriate.

DATED: November 26, 2012                    Respectfully Submitted,

                                            TRIAD GUARANTY INSURANCE
                                            CORPORATION

                                            By:   /s/ Simon Fleischmann
                                                   One of its attorneys

Thomas J. Cunningham (pro hac vice)
*TCunningham@lockelord.com*
Simon Fleischmann (pro hac vice)
*SFleischmann@lockelord.com*
Locke Lord LLP
111 South Wacker Drive
Chicago, Illinois 60606
Telephone: 312-443-0700

Kimberly B. Altschuler
*kim@altschulerfirm.com*
The Altschuler Firm LLC
1800 John F Kennedy Blvd.
Suite 1500
Philadelphia, Pa 19103
Telephone: 215-867-9566

## Certificate of Service

I, Simon Fleischmann, an attorney, certify that I caused the foregoing Motion to Dismiss to be served upon all parties registered and authorized to receive such service through the Court's Case Management/Electronic Case Files (CM/ECF) system on November 26, 2012.


/s/ Simon Fleischmann